UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

RAFAEL ANTONIO TORREZ GARCIA

    Plaintiff,
vs.

SLILMA, INC., a Florida Profit Corporation
d/b/a EL GUACALITO RESTAURANT,
AP LOGISTICS FL LLC, a Florida Limited Liability Company,
and AP SMART SOLUTIONS LLC, a Florida Limited Liability Company,

    Defendants.
_____/

## COMPLAINT

Plaintiff, RAFAEL ANTONIO TORREZ GARCIA (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendants SLILMA, INC. a Florida Profit Corporation doing business as EL GUACALITO RESTAURANT (hereinafter "SLILMA, INC"), AP LOGISTICS FL LLC, a Florida Limited Liability Company (hereinafter "AP LOGISTICS"), and AP SMART SOLUTIONS LLC, a Florida Limited Liability Company (hereinafter "AP SMART SOLUTIONS") (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material

times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## PARTIES

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants as a kitchen manager/chef from on or about November 27, 2020, until on or about October 12, 2022. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. SLILMA, INC is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. SLILMA, INC has its principal place of business in Miami, Florida. SLILMA, INC had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. AP LOGISTICS is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. AP LOGISTICS has its principal place of business in Miami, Florida. AP LOGISTICS had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. AP SMART SOLUTIONS is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. AP SMART SOLUTIONS has its principal place of business in Miami, Florida. AP SMART SOLUTIONS

had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Plaintiff contends that Defendants SLILMA INC., AL LOGISTICS, and AP SMART SOLUTIONS own and/or operate EL GUACALITO RESTAURANT located at 13960 SW 8th St, Miami, FL 33184 as a single integrated enterprise. Plaintiff is informed and believes that Entity Defendants are joint employers working as a joint enterprise, and/or are the alter egos of one another.

10. Each Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that they have employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce. Those goods and/or materials have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

12. Specifically, Defendants operate restaurant EL GUACALITO RESTAURANT located at 13960 SW 8th St, Miami, FL 33184 where the use of goods transported across interstate lines. Plaintiff regularly cooked on the line as well as made orders occasionally when needed. These orders were made using phones and/or the internet.

13. Defendants upon knowledge and belief, has had individually and or in combination a gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

14. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

15. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

17. Plaintiff began working for Defendants on or around November 1, 2020, through October 12, 2022, as a chef/kitchen manager.

18. Though Plaintiff was titled as a manager, he did not do anything different than the individuals he was "managing." At least 80% of Plaintiff's day-to-day work in a given week involved cooking on the line rather than giving directives to employees. Further, Plaintiff did not have any hiring or firing authority, could not set other employee's pay or discipline employees.

19. The only function Plaintiff did, on occasion, which was different than that of the other cooks was that he made orders for the restaurant as necessary. However, Plaintiff did not have independent decision-making authority.

20. Throughout his employment, Plaintiff was misclassified as an exempt employee of Defendants and was not paid for his overtime.

21. Based on the information currently available to Plaintiff, he was paid a weekly salary of $1,200.00/week.

22. When Plaintiff began working for Defendants, there was an understanding between Defendants and Plaintiff that his salary was to compensate him for all hours worked.

23. Plaintiff regularly worked between 54-80 hours per week. He was normally scheduled six (6) days per week.

24. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

25. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

26. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

27. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### VIOLATION OF FLSA/OVERTIME against SLILMA, INC

29. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

30. This action is brought by Plaintiff to recover from SLILMA, INC unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Since the commencement of Plaintiff's employment, SLILMA, INC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all overtime hours at a rate not less than one- and one-half times their regular rate.

32. Specifically, throughout his employment Plaintiff worked 56-80 hours during each workweek he was employed but he was compensated the same salary each week.

33. SLILMA, INC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). SLILMA, INC's business activities involve those to which the Fair Labor Standards Act applies.

34. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as cooking food and other manual tasks and did not have decision-making authority.

35. SLILMA, INC has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

36. By reason of the said intentional, willful, and unlawful acts of SLILMA INC., Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

37. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

38. As a result of 's willful violations of the Act, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from SLILMA, INC

WHEREFORE, Plaintiff respectfully prays for the following relief against SLILMA, INC:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME against AP LOGISTICS

40. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

41. This action is brought by Plaintiff to recover from AP LOGISTICS unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

42. Since the commencement of Plaintiff's employment, AP LOGISTICS has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer

than forty (40) hours without properly compensating them for all overtime hours at a rate not less than one- and one-half times their regular rate.

43. Specifically, throughout his employment Plaintiff worked 56-80 hours during each workweek he was employed but he was compensated the same salary each week.

44. AP LOGISTICS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). AP LOGISTIC's business activities involve those to which the Fair Labor Standards Act applies.

45. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as cooking food and other manual tasks and did not have decision-making authority.

46. AP LOGISTICS has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

47. By reason of the said intentional, willful, and unlawful acts of AP LOGISTICS, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

48. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

49. As a result of 's willful violations of the Act, Plaintiff is entitled to liquidated damages.

50. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from AP LOGISTICS.

WHEREFORE, Plaintiff respectfully prays for the following relief against AP LOGISTICS:

B. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

A. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

B. Award Plaintiff an equal amount in double damages/liquidated damages; and

C. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

D. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF FLSA/OVERTIME against AP SMART SOLUTIONS

51. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

52. This action is brought by Plaintiff to recover from AP SMART SOLUTIONS unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

53. Since the commencement of Plaintiff's employment, AP SMART SOLUTIONS has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all overtime hours at a rate not less than one- and one-half times their regular rate.

54. Specifically, throughout his employment Plaintiff worked 56-80 hours during each workweek he was employed but he was compensated the same salary each week.

55. AP SMART SOLUTIONS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). SLILMA, INC's business activities involve those to which the Fair Labor Standards Act applies.

56. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as cooking food and other manual tasks and did not have decision-making authority.

57. AP SMART SOLUTIONS has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

58. By reason of the said intentional, willful, and unlawful acts of AP SMART SOLUTIONS, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

59. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

60. As a result of 's willful violations of the Act, Plaintiff is entitled to liquidated damages.

61. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from AP SMART SOLUTIONS.

WHEREFORE**,** Plaintiff respectfully prays for the following relief against AP SMART SOLUTIONS:

> A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, RAFAEL ANTONIO TORREZ GARCIA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 9, 2022

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ *Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

By: /s/ *Jocelyn Rocha*
Jocelyn Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com