United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Rafael Antonio Torrez Garcia, Plaintiff, <br><br> v. <br><br> Slilma, Inc., and others, Defendants. | ) ) ) ) ) Civil Action No. 22-24008-Civ-Scola ) ) ) |

**Order**

    This matter is before the Court on the motion to dismiss the Plaintiff's complaint filed by Defendants Slilma, Inc. ("Slilma") and AP Logistics FL LLC ("AP Logistics," and collectively, the "Defendants"). (Mot., ECF No. 18.) The Plaintiff filed a response to the motion (ECF No. 19), and the Defendants filed a reply in support of their motion (ECF No. 20). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendants' motion. (**ECF No. 18**.)

    **1. Background**

    The Plaintiff, Rafael Antonio Torrez Garcia, brings claims against the Defendants under the Fair Labor Standards Act ("FLSA," 29 U.S.C. §§ 201, et seq.). The Plaintiff asserts one count for violation of the FLSA relating to overtime wages against Defendant Slilma (Count I) and another count for the same claim against Defendant AP Logistics (Count II).[1] (Am. Compl. ¶¶ 32-55, ECF No. 14.) The Plaintiff alleges that he is owed unpaid overtime wages for three years prior to the filing of his complaint. (*Id.* ¶ 18.) He alleges that the Defendants employed him as a chef and kitchen manager at El Guacalito Restaurant, where he would work 54-80 hours per week, but he was only paid a salary based on a 40-hour workweek. (*Id.* ¶¶ 12, 19-26.)

    The Plaintiff does not allege which Defendant actually hired him: instead, the lone paragraph that seems to be intended to allege this information states that "Plaintiff was hired by" and then concludes, with no object of the preposition "by" to complete the allegation.[2] (*Id.* ¶ 20.) He does, however, allege that the Defendants should be considered a "joint enterprise." (*Id.* ¶ 11.) As support for

---

[1] The Plaintiff also brought the same claim against AP Smart Solutions, LLC, in Count III, but the Court has dismissed that claim due to the Plaintiff's failure to complete service of process. (Am. Compl. ¶¶ 51-61; Order of Dismissal, ECF No. 23.)

[2] The Plaintiff has never attempted to correct this apparent drafting error by motion, and he does not even address the error in his response to the motion to dismiss. (*See generally* Resp.)

this proffered conclusion, the Plaintiff alleges that the Defendants "own and/or operate EL GUACALITO RESTAURANT located at 13960 SW 8th St, Miami, FL 33184." (*Id.* ¶ 10.) And he alleges that Defendant AP Logistics "operate[s] a staffing office which, upon information and belief is owned and operated by the owners of [Slilma]." (*Id.* ¶ 9.)

The Plaintiff separately alleges that Defendant Slilma "owns and operates as EL GUACALITO RESTAURANT [sic]." (*Id.* ¶ 11(a).) Further, he alleges that Defendant Slilma "through its agents at all times controlled the nature of the work Plaintiff performed and maintained a degree of supervision of Plaintiff's work." (*Id.* ¶ 11(b).) He also alleges that Defendant AP Logistics (and now-dismissed Defendant AP Smart Solutions, LLC) "issued Plaintiff his paychecks and through its agents-maintained [sic] control of most aspects of GUACALITO RESTAURANT'S employees employment including determine [sic] the pay rate, and the method of payment, of the workers including Plaintiff." (*Id.* ¶ 11(c).)

The Defendants move to dismiss the amended complaint for failure to state a claim upon which relief may be granted. They argue that the amended complaint fails to identify the entity that allegedly hired the Plaintiff and fails to meet the pleading requirements necessary to establish that the Defendant should be considered a single enterprise or a joint employer. (Mot. at 4-6.) In response, the Plaintiff asserts that the amended complaint pleads sufficient facts to establish that the Defendants may be considered a single enterprise or a joint employer. (Resp. at 5-7.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Id.* at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

The Defendants argue that the amended complaint should be dismissed because the Plaintiff has not adequately alleged them to be "joint employers" under the FLSA. (Mot. at 4-6.) "The FLSA provides that an employer is 'any person acting directly or indirectly in the interest of an employer in relation to an employee . . . .'" *Aquino v. BT's on the River, LLC*, No. 20-20090-CIV, 2020 U.S. Dist. Lexis 235174, at *8 (S.D. Fla. Dec. 14, 2020) (Scola, J.) (quoting *O'Reilly v. Art of Freedom Inc.*, No. 17-21251-CIV, 2018 WL 3350317, at *4 (S.D. Fla. July 9, 2018) (Williams, J.)). "'To employ' means 'to suffer or to permit to work.'" *Id.* (cleaned up). "To determine employment status, courts 'must evaluate the economic realities of the individual case rather than rely upon traditional common law principles.'" *Id.* "Courts in the Eleventh Circuit consider the following factors to determine whether joint employment exists: (1) the nature and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) the preparation of payroll and the payment of wages; (6) the ownership of the facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities." *Id.*

In response to the motion to dismiss, the Plaintiff asserts that the amended complaint contains allegations that "each Defendant constituted an employer within the meaning of the FLSA" and that "the Defendants operated as a joint enterprise and/or integrated enterprise as defined by the FLSA." (Resp. at 6.) The Plaintiff states that he has sufficiently alleged the Defendants to be joint employers because "[t]he Amended Complaint alleges that the Defendants have had common ownership, common management, interrelation between operations, and centralized control of labor relations." (*Id.* at 6 (citing Am. Compl. ¶¶ 9-16.).)[3]

The Plaintiff's pleadings suffer from three fundamental problems. First, the Plaintiff makes contradictory allegations regarding the status of the Defendants

---

[3] The Plaintiff largely focuses his arguments in his response on demonstrating that he has sufficiently alleged the Defendants to be engaging in a joint enterprise. (*Id.* at 5-7.) But this is not the argument that the Defendants are making—rather, the Defendants argue that the Plaintiff has failed to demonstrate that they may be considered joint employers. This is a separate issue, as identified in *O'Reilly*. 2018 WL 3350317, at *2-4 (observing that "case law treats the questions of enterprise and liability separately" because "enterprise is relevant only to the issue of coverage" by the FLSA but "[l]iability is based on the existence of an employer-employee relationship."). Here, the Defendants challenge whether the Plaintiff has adequately pleaded the existence of an employee-joint employer relationship. (Mot. at 4-6.)

as jointly owning and operating El Guacalito Restaurant: in one allegation, the Plaintiff pleads that Defendant Slilma owns the restaurant, but in another the Plaintiff asserts that the Defendants collectively "own and/or operate" the restaurant. (*Compare* Am. Compl. ¶ 11(a) *with id.* ¶ 10.) These contradictory pleadings leave the Court unable to find that the Defendants are alleged to have had common ownership of the facilities where the work occurred. *Aquino*, 2020 U.S. Dist. Lexis 235174, at *9 (S.D. Fla. Dec. 14, 2020) (Scola, J.) (dismissing FLSA complaint for failure to plead joint employer relationship where pleadings only addressed some defendants).

Second, the Plaintiff fails to plead any facts supporting any shared right to directly or indirectly hire, fire, or modify the employment conditions of the workers. The closest the Plaintiff comes is his truncated allegation that he was hired—where he fails to even identify which Defendant allegedly hired him. (Am. Compl. ¶ 20.) Nowhere else does the Plaintiff address the Defendants' ability to control his conditions of employment. (*See generally id.*); *see Aquino*, 2020 U.S. Dist. Lexis 235174, at *8-9.

Third, the Plaintiff pleads only insufficient or conclusory allegations with regards to the degree of supervision the Defendants allegedly had over his work. The Plaintiff makes a conclusory allegation that Defendant Slilma "through its agents and at all times controlled the nature of the work Plaintiff performed and maintained a degree of supervision of Plaintiff's work." (Am. Compl. ¶ 11(b).) The Plaintiff does not allege who Defendant Slilma's agents purportedly were, or why Slilma may be considered to have an agency relationship with those unidentified entities or individuals. Nor does the Plaintiff identify what alleged "degree of supervision" Defendant Slilma allegedly maintained over his work.

The Plaintiff similarly pleads only conclusory allegations against Defendant AP Logistics: the Plaintiff asserts that AP Logistics "issued Plaintiff his paychecks and through its agents-maintained [sic] control of most aspects of GUACALITO RESTAURANT'S employees' employment including determine [sic] the pay rate, and the method of payment, of the workers including Plaintiff." (*Id.* ¶ 11(c).) The only non-conclusory allegation in this paragraph is that Defendant AP Logistics issued the Plaintiff's paycheck. (*Id.*) Otherwise, the Plaintiff fails to identify the alleged agent(s), how they allegedly controlled the workers on AP Logistics' behalf, and what "most aspects" of employment the Defendant allegedly had control over. (*Id.*) These conclusory allegations are insufficient to plead that the Defendants operate as joint employers. *See Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1369 (S.D. Fla. 2011) (granting motion to dismiss FLSA claims where plaintiff only supported FLSA claim of joint enterprise with conclusory legal allegations). Accordingly, the Court must dismiss the amended complaint for failure to state a claim upon which relief may be granted.

## 4. Conclusion

For the reasons stated above, the Court **grants** the Defendants' motion to dismiss (**ECF No. 18**) and **dismisses** Torrez Garcia's claims against Defendants Slilma and AP Logistics **without prejudice**. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on March 22, 2023.

_____
Robert N. Scola, Jr.
United States District Judge